NOT DESIGNATED FOR PUBLICATION

Nos. 117,504

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYCE CONDRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed November 17, 2017. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM:  Bryce Condra appeals from the revocation of his probation. We granted Condra's motion for summary disposition in lieu of briefs as stated under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

In November 2015, Condra pled guilty to one count of felony possession of marijuana with the intent to distribute. In February 2016, Condra was sentenced to an underlying 57 months' imprisonment and was granted a dispositional departure of 18 months' probation.

Just four months later, in March 2016, the State sought to revoke Condra's probation, alleging that he had failed to report to his probation officer on multiple

1

occasions. Condra stipulated to violating the terms of his probation. The district court imposed a two-day quick dip sanction and extended probation.

In November 2016, the State sought to revoke Condra's probation, alleging that he failed to follow instructions from his supervisors, forged job seeking forms, did not go to job seeking locations when he was required to do so, provided false information, and consumed marijuana. Condra again stipulated to violating the terms of his probation. The district court imposed a sanction of 38 days' imprisonment. The district court informed Condra that it was designating Condra's case as zero tolerance and that a future positive urinalysis for illegal substances would result in a finding that the public safety was at issue.

In January 2017, still less than 1 year from his original sentencing date, the State sought to revoke Condra's probation, alleging that he had consumed marijuana and heroin. In February 2017, Condra again stipulated to violating the terms of his probation. The district court found that Condra's drug use constituted a risk to the public safety and that reinstatement of probation would not be in his best interest. The district court ordered Condra to serve his original sentence. Condra now appeals the district court's decision to revoke his probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

2

K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Generally district courts must impose graduated sanctions on defendants who have violated their probation. See K.S.A. 2016 Supp. 22-3716. But under K.S.A. 2016 Supp. 22-3716(c)(4) a district court can order a defendant to serve his or her underlying sentence when the court "finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by such assignment to a community correctional services program."

Here the district court revoked Condra's probation after finding that he continued to use illegal drugs. The court then found that public safety would be jeopardized if Condra's probation was continued. The court found that, given his history, Condra would likely continue to abuse drugs which would lead to another probation violation warrant and additional criminal charges which would not be in his best interest. We conclude that these findings are supported by the record. In the short period of time between his original sentencing and the final probation revocation, Condra demonstrated an inability to successfully comply with the terms of his probation. He lied to his supervisors about his whereabouts, failed to report, and continued to use illegal drugs—including a heroin overdose that resulted in emergency medical care. The district court's decision to revoke Condra's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. We conclude that the district court did not abuse its discretion in revoking Condra's probation and ordering him to serve his underlying prison sentence.

Affirmed.